IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GALLEGOS, SR.,

    Petitioner,                   No. CIV S-04-2741 MCE GGH P

    vs.

D. K. SISTO, Warden,[1]

    Respondent.                ORDER

_____/

Introduction

        Petitioner, a state prisoner proceeding with appointed counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Originally filed, as a pro se petition, on December 3, 2004, per the mailbox rule,[3] in the Northern District of California, and

---

[1] Respondent asks the court to substitute in the current warden of Solano State Prison in place of Warden Tom L. Carey, citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992), which request is granted. See, Motion to Dismiss, filed on December 12, 2006, n. 1.

[2] A stay in this matter was imposed by Order, filed on October 17, 2005, pending resolution of the petition before the California Supreme Court in Case No. S13699; the stay was lifted by Order, nunc pro tunc, as of July 14, 2006 (see, Order, filed on August 16, 2006).

[3] A prisoner's federal habeas petition should be considered filed at the time he gave it to prison authorities, pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988); Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), citing Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on other grounds by Carey v.

transferred to this court on December 30, 2004, this action now proceeds on the second amended petition, filed on August 16, 2006. Petitioner challenges his 1998 25-year-to-life sentence on a Yolo County Superior Court conviction for one count of burglary, enhanced pursuant to the "three-strikes" law, the jury having found true that petitioner had suffered two prior convictions. Second Amended Petition (SAP), pp. 1-3. Petitioner challenges his conviction/sentence on the following grounds:[4] Claim 2) the 25-year-to-life sentence violates due process because it violates petitioner's prior plea agreement; Claim 3) the "three strikes" law is invalid as an ex post facto law; Claim 4) the "three strikes" law is invalid as a violation of the double jeopardy clause; Claim 6) ineffective assistance of trial counsel for failure to conduct a reasonable fact investigation and to interview neighborhood witnesses; Claim 8) violation of petitioner's Eighth Amendment right to be free of cruel and unusual punishment due to petitioner's 25-year-life sentence under California's "three strikes" law; Claim 9) violation of petitioner's due process rights under the Fifth and Fourteenth Amendments arising from the government's bad faith failure to collect and preserve material exculpatory evidence; Claim 10) violation of petitioner's Fifth Amendment and Fourteenth Amendment due process rights arising from the trial court's order that the court reporter need not record the oral instructions to the jury; Claim 11) violation of petitioner's Fifth Amendment and Fourteenth Amendment due process rights due to the trial court's order admitting evidence of prior crimes at trial; Claim 12) violation of petitioner's Sixth Amendment and Fourteenth Amendment right to conflict-free counsel because defense counsel's father presided over the plea hearing for petitioner's prior alleged "strike" offenses; Claim 13)

---

Saffold, 536 U.S. 214, 122 S. Ct. 393 (2002); in Saffold, at 1268, the Ninth Circuit held not only that the mailbox rule should apply to federal habeas petitions, but also to the filing of state habeas petitions for purposes of applying the AEDPA statute of limitations.

[4] Three claims raised in the original petition have been abandoned: Claim 1) ineffective assistance of trial counsel based on a failure to cite a specific Cal. Rule of Court at the sentencing hearing; Claim 5) the 1990 convictions were combined and should only be considered a single strike; Claim 7) ineffective assistance of trial counsel based on trial counsel's failure to move for a new trial based on newly discovered evidence. SAP, p. 9, 13, 19.

violation of petitioner's right to due process of law when the trial court and the jury found that petitioner had two prior "strike" offenses based on insufficient evidence; Claim 14) violation of petitioner's right to effective assistance of appellate counsel when counsel failed to appeal based on sufficiency of the evidence of petitioner's prior alleged "strike" offenses.  SAP, pp. 9-43.

Pending before the court is respondent's December 12, 2006, motion to dismiss the second amended petition as barred by the AEDPA one-year statute of limitations.  On December 21, 2006, respondent filed a notice of hearing on January 25, 2007, which was later re-set for February 22, 2007.  Petitioner's opposition was filed on February 2, 2007.  The matter came on for hearing on February 22, 2007.  Appearing in person for respondent was Alison Elle Aleman; Stephanie Adraktas appeared telephonically on behalf of petitioner.

Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On June 2, 2000, the California Court of Appeal affirmed petitioner's conviction. Motion to Dismiss (MTD) p. 2, Respondent's Lodged Document No. 2.  Petitioner sought review

in the state supreme court, which was denied on August 16, 2000. Id., Lodged Document Nos. 3 & 4. Petitioner did not file a petition for writ of certiorari, but did file four post-conviction state court habeas petitions: the first petition was filed in the Yolo County Superior Court on July 19, 2001[5](July 13, 2001), and was denied on August 7, 2001. Id., Docket Entry 32, p. 3 & Lodged Document No. 5. A minute order, dated October 12, 2002, issued from the Yolo County Superior Court, wherein a clerk informed petitioner that the petition was denied on August 7, 2001, and apologized "for the delay in getting this out as it is entirely my fault." Id., Lodged Document No. 5.

Petitioner filed his second habeas petition in the California Third District Court of Appeal, on October 24, 2003 (October 21, 2003), which was denied, on November 20, 2003. MTD, p. 3, Lodged Document Nos. 6 & 7.

The third petition was filed in the California Supreme Court on January 12, 2004 (January 9, 2004), and denied on November 10, 2004. Id., Lodged Document Nos. 8 & 9.

The fourth state court habeas petition was filed in the state supreme court on August 8, 2005, by petitioner's counsel after the instant petition was filed in this court, and was denied on June 14, 2006. Id., Lodged Document Nos. 10 & 11. The instant petition was filed on December 3, 2004, as noted earlier, per this court's application of the mailbox rule (notwithstanding respondent's contention that it was originally filed on December 14, 2004).

As respondent sets forth (MTD, p. 4), petitioner's conviction became final on November 14, 2000, ninety days after the state supreme court denied his petition for review on direct appeal on August 16, 2000. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999)

---

[5] Petitioner is entitled to application of the mailbox rule. A prisoner's federal habeas petition should be considered filed at the time he gave it to prison authorities, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988); <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), citing <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir.), vacated and remanded on other grounds by <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S. Ct. 393 (2002). As the court noted during the hearing, however, the fourteen additional days that petitioner's counsel calculated this gave him was not significant in this case. Nevertheless, the dates per the mailbox rule, to the extent that they can be discerned, are noted parenthetically.

("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition."). The one-year statute of limitations began to run the day after the date of final conviction/judgment, on November 15, 2000. Patterson v. Stewart, 252 F.3d 1243, 1246 (9th Cir. 2001). Therefore, petitioner had until November 14, 2001, to file a timely federal petition. The instant petition, filed December 3, 2004, is untimely, absent any applicable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Respondent concedes that under § 2244(d), petitioner is entitled to tolling from the filing date of the first state court habeas petition (240 days after the statute began to run), in superior court, on July 13, 2001,[6] until the date of denial on October 12, 2002.[7] MTD, pp. 4-5. However, the second state habeas petition was not filed in the state appellate court until October 21, 2003, more than a year later (a period of 374 days). MTD, p. 6.

In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the United States Supreme Court found that habeas petitioners are entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) between the period of time after which a habeas petition is denied at a lower level and then filed at a higher one to the extent that petitioner seeks higher court review of the lower court's decision. The U.S. Supreme Court has recently held that a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. Evans v. Chavis, 546

---

[6] The court will use the dates applicable to petitioner, when he proceeded pro se, pursuant to the mailbox rule; therefore, the number of days noted as having elapsed between certain filings differ herein, but to a negligible degree, from the number of days noted by respondent.

[7] Although the denial actually occurred on August 7, 2001, respondent has conceded that the date of denial should be counted from the date petitioner actually and belatedly received notice, due to clerical error, more than a year (or some fourteen months) later, on October 12, 2002.

U.S. 189, 126 S. Ct. 846, 849 (2006).

In most states, a statute sets forth a time period, such as 30 or 60 days, for the filing of a timely appeal. Chavis, supra, 546 U.S. 189, 126 S. Ct. at 849. Under California law, the notice of appeal is timely if filed within a "reasonable time." Id., 126 S. Ct. at 849 (citing In re Harris, 5 Cal. 4th 813, 828 n. 7, 21 Cal. Rptr. 2d 373 (1993)). In the absence of a clear indication by the California Supreme Court that a petition is untimely, "the [federal court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Chavis, supra, 546 U.S. 189, 126 S. Ct. at 852. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. Id., 126 S. Ct. at 850. In Chavis, the Supreme Court found no authority suggesting that the California State Supreme Court would find an unexplained delay of six months to be unreasonable. 546 U.S. 189, 126 S. Ct. at 854.

The gap of more than a year between the denial of the superior court petition until the filing of a petition in the court that is the next level up, the state court of appeal, should not be statutorily tolled under the reasoning of Chavis, notwithstanding petitioner's contention that this unfairly applies a new rule to petitioner, citing Gaston v. Palmer, 417 F.3d 1030, 1034-36 (9th Cir. 2005), rehrg. granted, opinion modified by Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). See Opposition, p. 9. In the modified opinion, the Ninth Circuit, in light of Chavis, revised its holding to find that petitioner was not entitled to "gap" tolling for intervals of 15 months, 18 months, and 10 months. Gaston, supra, 447 F.3d at 1167.

Following the lower court petition denial in this case, on October 12, 2002, 240 days having previously run, there were 125 days left to run on the statute, which expired on February 14, 2003. Thus, as respondent notes (MTD, p. 6), the filing of the second through fourth state habeas petitions, with the second not filed until October 21, 2003, was untimely and could not toll or re-start the statute of limitations, once it was expired. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Furthermore, as respondent also correctly observes, the subsequent filing of two state supreme court petitions (petition three, on November 10, 2004, and petition four, on June 14, 2006), resulted as to the earlier petition in a denial with a citation to In re: Robbins, 18 Cal.4th 770 (1998), and in the case of the second denial with a citation to In re Clark, 5 Cal.4th 750 (1993), as well as Robbins, supra. Lodged Document Nos. 9 & 11. Therefore, on a second basis petitioner is not entitled to tolling for the period of time that his third petition was pending in the state supreme court, based on the Robbins citation, pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 414, 12 S. Ct. 1807, 1812 (2005) ("[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter" for purposes of § 2244(d)(2).") In Pace, the Supreme Court held that statutory tolling is not available for the period a petition is under consideration if it is dismissed as untimely. Thus, this court finds that petitioner is not entitled to statutory tolling to find the instant petition timely filed. As petitioner's counsel conceded at the hearing on the motion, petitioner's sole remedy lies in whether he is entitled to equitable tolling.

*Equitable Tolling*

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process,

and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, ignorance of the law does not constitute such extraordinary circumstances. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not usable by replacement counsel – a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.[8] The Ninth Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. For Cent. Dist. Of Ca. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. Id. at 541-42. See also Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling).

Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997), the court found that a petitioner's circumstances were not extraordinary in the following

---

[8] See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns preventing the prisoner's access to the library and a typewriter which were necessary to his motion.  See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll statute); Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1273 (D.Haw. 1999) (lack of legal expertise does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable tolling).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Petitioner contends that petitioner should receive equitable tolling because circumstances beyond his control delayed the filing of his state court habeas petitions, which included court delays in responding to his first petition and record request, "severe mental and physical illnesses including chronic paranoid schizophrenia, and 29 days of prison lockdown that occurred between the dates the second and third petitions were filed." Opposition (Opp.), p. 2. Petitioner contends that on January 22, 2002, petitioner filed a document in the Yolo County Superior Court in an effort to supplement his initial petition, unaware (until October of 2002)

that the first petition had already been denied (in August of 2001). Id., & Exhibit S (cover sheet only). Petitioner notes that when petitioner finally received notice of the initial petition denial (for which petitioner has herein been accorded tolling for the entire fourteen-month period during which he was not on notice of the denial) that petitioner only received back half of a copy of his first petition. Opp., p. 3, Exhibit G (petitioner's unsigned statement to that effect, evidently directed to the state appellate court).

Petitioner wrote the superior court eight days after receiving notice of the first petition's denial, asking the clerk to return the other half of his first habeas petition, but did not receive the remainder of his petition, until about eight months later, on June 11, 2003. Id., Exhibits G & E (outgoing mail log entry showing correspondence dated 10/24/02 from petitioner to the Yolo County Superior Court – but not the correspondence itself). Follow-up correspondence was sent to the superior court from petitioner on May 7, 2003, and on May 13, 2003. Exhibit E (showing mail log entries for those dates of unidentified material sent to the Yolo County Superior Court, one entry (5/7/03) identifying the addressee as the clerk). Evidently, as petitioner made clear in both the written opposition and at oral argument, petitioner labored under the mistaken notion that he needed to obtain a copy of his petition from the clerk before filing his petition in the state court of appeal. Opp., p. 3 n. 2.

Petitioner goes on to explain that he was placed on lockdown for a three-day period, from July 6, 2003, until July 9, 2003, and again from September 4, 2003, until October 1, 2003. Opp., p. 3, Exhibit C (CSP-Solano 2003 lockdown data). Twenty days later, on October 22, 2003,[9] petitioner filed the second habeas petition. Id., Exhibit F (outgoing mail log entry for 10/22/03, showing that a mailing was directed to the state court of appeal). Petitioner asserts that 133 days elapsed between the time petitioner received the material from the court clerk (which he mistakenly believed he needed) and the time the second state habeas petition was filed, from

---

[9] Based on the date on the attached proof of service, this court has already credited petitioner with having filed this petition a day earlier, on October 21, 2003.

which he argues the twenty-nine days of lockdown should be deducted (leaving 104 days). Opp., p. 10.

Petitioner then goes on to state that petitioner's third state court habeas petition, his first to the state supreme court, was filed (January 9, 2004) within 50 days of the date of the state appellate court order denying the October, 2003 petition. Id, Exhibit F (mail log entry showing petitioner mailed some material to the state supreme court on 1/9/04).

Petitioner then argues that within 26 days of the November 10, 2004, state supreme court denial, petitioner filed the instant petition.[10] Opp., p. 4., Exhibit F.

Petitioner's argument for equitable tolling based on petitioner's history of drug dependency and psychiatric illness rests on the following evidence: that petitioner prior to conviction had psychiatric diagnoses of mixed opiate and amphetamine dependence and methamphetamine induced delusional disorder; that he was prescribed psychiatric medication for an anxiety disorder in January, 1999; that side effects of medication prescribed for petitioner's chronic paranoid schizophrenia, chronic Hepatitis C, and chronic severe back pain impeded his ability to file his petitions timely. Opp., p. 4, RT 487, 501 (not submitted as an exhibit); Exhibit A (copy of a consent form for petitioner for Buspar, dated 1/10/99, which does not clarify that petitioner actually took the medication or for how long or its effects and/or side effects); Exhibit R (a printout from a website indicating that the side effects of Trazodone (oral) can include dizziness, drowsiness, headaches, nausea, and vomiting).

Petitioner submits a copy of petitioner's medical records indicating that from 2002 through 2004, that petitioner was depressed, and suffered from chronic Hepatitis C and degenerative changes to his spine, and that he was prescribed Trazodone and Methadone, as well as Risperidone, which can cause side effects in the form of dizziness, drowsiness, headaches, nausea, and vomiting, with repeated renewals of these prescriptions. Opp., pp. 4-5, Exhibits H-

---

[10] Again, this court has previously credited petitioner with having filed the instant petition three days earlier than petitioner himself represents that he filed it.

11

Q. In addition, on January 29, 2003, petitioner told prison doctors he was suffering from severe back pain. In April, 2003, petitioner apparently told medical staff that a physician had instructed him to stop taking his Hepatitis medication, which petitioner cites as an example of delusional behavior because medical staff found no indication of such an instruction in his medical records. Opp., p. 5, Exhibit K. On June 22, 2004, prison doctors made an urgent psychiatric referral asking that petitioner be evaluated because petitioner was "hearing voices" and acting strangely. Opp., p. 5, Exhibit O. Notes indicate that petitioner was suffering probably "acute psychotic break," after which petitioner was monitored and evaluated and diagnosed as suffering from chronic paranoid schizophrenia with "acute psychotic episodes." Id., Exhibits P & Q.

    To the extent that petitioner claims entitlement to equitable tolling on the ground that of his own misapprehension of the law, or court procedural rules or what was required of him in the more than twelve months it took him to file his state court appellate petition (second petition) after actual notice of the Yolo County Superior Court denial (first petition), petitioner simply does not meet his burden to show the requisite extraordinary circumstance. Hughes v. Idaho State Bd. of Corrections, supra, 800 F.2d at 909 (even illiteracy does not excuse failure to timely pursue state court remedy). Nor does the very limited lock down period inhibiting his access to the law library or legal material for a 29-day period (when the filing of his second petition took more than a year) warrant equitable tolling.

    In his claim to being significantly mentally impaired during the relevant period, petitioner fails herein to meet his burden, at least in part, because petitioner also demonstrates some diligence during the same period in corresponding more than once to the Yolo County Superior Court clerk to obtain the missing half of his petition to that court, unaware that it had already notwithstanding that he labored under a mistaken notion that he needed it to file his next petition, and earlier in attempting to supplement his first petition, unaware that it had already been denied. Also, petitioner was evidently not so incapacitated by his mental or psychiatric challenges or the medications prescribed for them such that he was unable altogether to file a

12

petition, even near the time that he was evidently being diagnosed as a paranoid schizophrenic. No expert medical declarations have been submitted attesting to the likelihood of petitioner's having been so cognitively impaired (or in such sustained physical pain) that he was unable to file his second petition for more than a year.

The undersigned is skeptical that such evidence can be adduced. However, subsequent to the hearing on the pending motion, in reviewing the exhibits and in reviewing Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003) (Opp., p. 10), the court concludes that, since petitioner seeks to be allowed an evidentiary hearing regarding his claim of entitlement to equitable tolling, he should be permitted one. In Laws, the Ninth Circuit noted again that equitable tolling is available in this circuit only when "'when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws, supra, at 922, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The Laws Court, id., also noted that grounds for equitable tolling under § 2244 (d) are "highly fact-dependent," quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000). The Ninth Circuit held that it was an abuse of discretion for the district court to deny Laws's petition, where he claimed he was mentally ill between April 23, 1996 (the date of AEDPA's enactment) and May 16, 2000, when his first state habeas petition was filed and entitled to equitable tolling, without the court's having ordered development of the factual record supporting the claim. Id., at 922-23. The case also makes clear that the Ninth Circuit observed that it had previously "held that a 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations." Laws, supra at 923, citing Calderon v. U. S. Dist. Ct. (Kelly), supra, 163 F.3d at 541. In doing so, the Ninth Circuit in that case noted, as a backdrop, that the trial court had expressed its concern about Laws's competency and had ordered psychiatric examinations and a hearing under Cal. Penal Code § 1368, and had found, in the face of conflicting expert testimony

13

that Laws was "'for the present at least'" competent to stand trial. Laws, supra, at 921. Petitioner herein suggests that prior to trial he suffered from some form of drug-induced delusional disorder, although there is no representation that his competency was at issue at his trial. Nevertheless, the Laws Court stated that the determination of competency at the time of trial (despite the evidence of serious mental illness) did not bear on the competency of Laws for the period of time at issue for which no medical records had been provided. In the instant case, petitioner has produced some, but not adequate evidence of mental illness during the relevant period, which appears to be contradicted by actions he did undertake, misdirected though they might have been to go forward with his state petitions. Petitioner, should he elect to go forward with an evidentiary hearing, must demonstrate that his mental condition was in such a state of deterioration as to constitute an extraordinary circumstance such that his time for filing should be equitably tolled. He must make a showing his mental incompetence was such that he could not have met the standard for competency to proceed with trial. Dusky v. U.S., 362 U.S. 402, 80 S. Ct. 788 (1960) (the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him"). Adapting that to the habeas context would require that petitioner must demonstrate that at the times for which he seeks equitable tolling, he did not have a reasonable degree of rational understanding and that he suffered from a lack of such understanding with regard to what was required of him in the filing of his petitions; in doing so, he must be able to explain, how, in light of his efforts to take certain steps to proceed with his habeas petition in the same period, such steps do not fatally undermine his claim of mental incapacity. At the hearing, the undersigned noted that there was no evidence of side effects that he could not function on a day to day basis and no representation that he was impeded from doing what he needed to in prison. While the court will set a date for an evidentiary hearing by this ordered, petitioner must inform the court within thirty days as to whether or not petitioner, in light of the showing that is required, will elect to simply proceed on the material that has been

submitted.

Accordingly, the court will set an evidentiary hearing for February 4, 2008, at 9:00 a.m. and makes the following ORDERS with respect to the impending evidentiary hearing:

A. <u>Witnesses</u>

On or before ten days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel.

Each party may call any witnesses designated by the other.

1. No other witness will be permitted to testify unless:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

    b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2. If not timely designated within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

    a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b. The court and the opposing party were promptly notified upon discovery of the witnesses;

    c. If time permitted, the party proffered the witnesses for deposition; or

    d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

\\\\

3. On or before twenty days prior to the hearing, the parties shall designate their expert witnesses, if any; on or before thirty days prior to the hearing, movant shall provide respondent and respondent shall provide movant, with the report of each party's expert witness(es) in compliance with Fed. R. Civ. P. 26;

B.  <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits twenty days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

Movant will use numbers to mark exhibits; respondents will use letters.

1. No other exhibits will be permitted to be introduced unless:

    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2. If not timely exchanged within the fifteen day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing. The "exhibit book" is for bench use during trial.

C. <u>Miscellaneous</u>

Counsel shall make the appropriate writ ad testificandum filings if the presence of movant or any other incarcerated witness is desired. Petitioner shall file these writs at least thirty days prior to the hearing. The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

Accordingly, IT IS HEREBY ORDERED that:

1. An evidentiary hearing is set for February 4, 2008, at 9:00 a.m., in Courtroom 24, before the undersigned on the question of whether petitioner can meet his burden to demonstrate that he is entitled to equitable tolling for the period of time from October, 2002, until October, 2003, based on a claim of mental illness or incompetency; the parties shall prepare for hearing in accordance with the terms set forth in this order. The court also directs petitioner to inform the court within thirty days whether he elects to proceed to an evidentiary hearing.

2. Warden D.K. Sisto is substituted in as respondent in this matter, and the Clerk of the Court shall modify the case docket to reflect the change.

DATED: 8/10/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gall2741.evi